888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
B.E. SWEATT, Plaintiff-Appellant,
v.
STATE OF MARYLAND, Maryland District Court for Charles
County, L.R. Holtz, Judge, L. Burkett, Charles County Deputy
Sheriff, as agent for the state of Maryland, Charles County
Sheriff's Department, as agent for the state of Maryland,
Burger King of America, Inc, William Nesbitt, Franchise
owner of Burger King of Bryans Road, Donna Euth, General
Manager, Bonnie McIntyre, Store Manager, Defendants-Appellees.
 No. 89-3231.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1989.
Decided Oct. 17, 1989.
 
 B.E. Sweatt, appellant pro se.
 Before HARRISON L. WINTER, K.K. HALL, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 B.E. Sweatt instituted this civil action pursuant to 42 U.S.C. Sec. 1983, challenging, in the main, the use of excessive force by a law enforcement officer during his arrest. The district court dismissed the action prior to service of process. We vacate the district court's decision and remand the claim against Deputy Burkett challenging the use of excessive force. We affirm the district court's dismissal of the state of Maryland, the Maryland District Court for Charles County, the Charles County Sheriff's Department, Judge Holtz, and the private defendants.
 
 
 2
 In analyzing this case, the district court dismissed the action prior to service of process, on the basis that Sweatt had failed to state a claim upon which relief could be granted. The court, however, did not have the benefit of the Supreme Court's recent decision in Neitzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1882).
 
 
 3
 In Neitzke, the Court made clear that the standard for dismissal of a claim as frivolous, prior to service of process, is different from the standard for dismissal for failure to state a claim. The statutory standard of 28 U.S.C. Sec. 1915(d) requires a judicial determination that the claim is either based on an indisputably meritless legal theory or factual contentions which are clearly baseless. Neitzke, 57 U.S.L.W. at 4496. On the other hand, this Court has recognized that a claim may be dismissed, sua sponte, for want of a substantial federal question where a claim's "unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." Crosby by Crosby v. Holsinger, 816 F.2d 162, 163 (4th Cir.1987). In either event, the district court applied an inappropriate standard in dismissing Sweatt's claim and its decision must be reviewed applying the correct standard.
 
 
 4
 Dismissing Sweatt's claim that excessive force was used in his arrest, the district court applied the Fifth Amendment standard articulated in Justice v. Dennis, 834 F.2d 380 (4th Cir.1987), vacated, 57 U.S.L.W. 3779 (U.S. May 30, 1989) (No. 87-1422). In Graham v. Connor, 57 U.S.L.W. 4513 (U.S. May 15, 1989) (No. 87-6571), decided after the district court's decision, the Supreme Court held that claims of the use of excessive force during "seizures" of the person by law enforcement officials are to be decided under the "objective reasonableness" standard of the Fourth Amendment. This standard requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment rights against the countervailing governmental interests at stake." Graham, 57 U.S.L.W. at 4516. The Court articulated three factors that are to be considered in determining whether, under the totality of the circumstances, the force used was excessive: first, the severity of the crime at issue; second, whether the suspect poses an immediate threat to the safety of the officer or the public; and finally, whether the arrestee is actively resisting arrest or attempting to evade the arrest by flight. Id.
 
 
 5
 Sweatt alleged that Deputy Burkett assaulted him, twisted his arms behind his back and handcuffed him, forced him to his feet, forced him out of the door of the restaurant, forced his head against a brick wall, took the contents of his pockets, and threw him into the back seat of the police car. This police conduct must be considered in light of the three factors mentioned above--Sweatt's alleged offense was trespassing, a misdemeanor, Md.Ann. Code Art. 27, Sec. 577(a)(1) (1988), and he apparently posed virtually no risk to the officer or the public and no risk of flight as he indicated his willingness to accompany the officer by stating, "Do you want me to drive my own car or do you prefer that I ride with you?"
 
 
 6
 While we make no decision about the merits of this claim, a complaint containing factual allegations such as these cannot be dismissed without service of process under either the "frivolousness" standard of Neitzke or the "insubstantial federal question" standard of Crosby. Sweatt's claim against Deputy Burkett must be remanded for service of process on the defendant.
 
 
 7
 The district court properly dismissed the State of Maryland as a defendant. States are not "persons" within the meaning of 42 U.S.C. Sec. 1983. Will v. Michigan Department of State Police, 57 U.S.L.W. 4677 (U.S. June 15, 1989) (No. 87-1207). Similarly, the Maryland District Court for Charles County, which was established by the State of Maryland, Md.Cts. & Jud.Proc. Code Ann. Sec. 1-601 (1984), as a creation of the state, is not a "person" for purposes of Sec. 1983, Will, 57 U.S.L.W. at 4680, and was properly dismissed.
 
 
 8
 Further, the district court correctly dismissed the Charles County Sheriff's Department as Sweatt included no allegation in his complaint that the law enforcement officers acted pursuant to official policy, custom, or decision. Monell v. Department of Social Servs., 436 U.S. 658 (1978); Spell v. McDaniel, 824 F.2d 1380 (4th Cir.1987), cert. denied, 56 U.S.L.W. 3482 (U.S. Jan. 19, 1988) (No. 87-855). Because Sweatt seeks monetary damages, Judge Holtz was also appropriately dismissed from the action. Stump v. Sparkman, 435 U.S. 349 (1978).
 
 
 9
 Sweatt sued Burger King, the franchise owner, the general manager, and the store manager, alleging state law violations. Pendent-party jurisdiction theory cannot be used to avoid dismissal of these defendants. Aldinger v. Howard, 427 U.S. 1 (1976).
 
 
 10
 Accordingly, the district court's judgment is affirmed as to the State of Maryland, the District Court for Charles County, the Charles County Sheriff's Department, Judge Holtz, and private defendants Burger King of America, William Nesbitt, Donna Euth, and Bonnie McIntyre. The judgment in favor of Deputy Burkett is vacated and the case remanded for further proceedings on that claim. Sweatt's motions for writs of mandamus are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART VACATED AND REMANDED IN PART.